IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LA'SHAWNDRA HARRIS,                          )
                                             )
     Plaintiff,                         )
                                             )
     v.                                 )          Case No.: 3:05-cv-640-DRH
                                             )
EPILEPSY FOUNDATION OF                       )
SOUTHWESTERN ILLINOIS, ELLEN                 )
BECKER LAW, MEGAN MECKFESSEL,                )
                                             )
     Defendants.                        )

**ORDER**

This matter is before the Court on the Motion for Appointment of Counsel filed by the

Plaintiff, La'Shawndra Harris, on February 14, 2006 (Doc. 23) and the Motion for Extension of

Time filed by Harris on February 17, 2006 (Doc. 24).  For the reasons set forth below, the

Motion for Appointment of Counsel is **DENIED** and the Motion for Extension of Time is

**GRANTED**.

BACKGROUND

The Plaintiff alleges that when she was employed by the Defendant she was

discriminated against when she was denied training opportunities because she was pregnant.  She

also alleges that she was discriminated against, because of her race and gender, in pay, bonuses,

and advancement, and that she was retaliated against (by being terminated) when she complained

of the disparity.  Attached to the complaint are a number of documents including those related to

her claims before the Equal Employment Opportunity Commission and various evaluations and

complaints that she made to the Defendant while employed.  Included in these exhibits are hand-

written and typed logs of events that detail her working relationship with the two individually

named defendants, Ellen Becker Law and Megan Meckfessel.

1

### DISCUSSION

On September 16, 2005, this Court denied without prejudice the Plaintiff's first motion for appointment of counsel.  The Plaintiff was informed that she must make a reasonable effort to secure counsel prior to court intervention  Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004); Zarnes, 64 F.3d at 288.  In addition, the Plaintiff was directed to address the following factors in any future motion:  (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent person to present the case; and (5) the complexity of  the legal issues raised by the complaint.  See  Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake , 650 F.2d 885,887-889 (7th Cir. 1981).

In the pending motion, the Plaintiff indicates that she contacted three attorneys who refused to take her case.  However, the Plaintiff did not address the five factors listed above. After reviewing the complaint in this case, the filings by the Plaintiff, and the Plaintiff's demeanor during an scheduling conference held on January 20, 2006, this Court finds that appointment of counsel is unwarranted.  It is clear from the Plaintiff's filings that she is capable of articulating her claims and presenting her arguments to the Court.  She is also capable of petitioning the Court for relief, including seeking an extension of time to file an amended complaint and respond to the Motion to Dismiss.  During the scheduling conference, it was also clear that the Plaintiff understood the nature of the proceedings and the schedule that was imposed.

While the claims of the Plaintiff may be colorable, she will be capable of investigating

2

crucial facts relative to her claim – many of which will be based on her own testimony.  As an attachment to her complaint indicates, she is somewhat familiar with the adversarial process having participated in a Department of Employment Security hearing.  Her claims are not particularly complex and involve a limited time period and the Plaintiff's interaction with two Defendants.  Given the Plaintiff's ability to articulate her claim, her understanding of the proceedings, and her ability to petition the Court for relief, an appointed attorney is not warranted in this case.

Finally in light of the latitude afforded to litigants proceeding without the benefit of counsel, the Plaintiff **SHALL** have until March 20, 2006 to file a motion for leave to file an amended complaint.

### CONCLUSION

For the foregoing reasons, the Motion for Appointment of Counsel filed by the Plaintiff, La'Shawndra Harris, on February 14, 2006 is **DENIED** (Doc. 23) and the Motion for Extension of Time filed by Harris on February 17, 2006 is **GRANTED** (Doc. 24).  The Plaintiff **SHALL** file her motion for leave to file an amended complaint by March 20, 2006.

**DATED: February 27, 2006**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**

3