IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LA'SHAWNDRA HARRIS,**

**Plaintiff,**

**v.**

**THE EPILEPSY FOUNDATION
OF SOUTHWESTERN ILLINOIS,
ELLEN BECKER-LAW and
MEGAN MECKFESSEL,**

**Defendants.**                                      **No. 05-CV-0640-DRH**

## ORDER

**HERNDON, District Judge:**

On September 6, 2005, La'Shawndra Harris filed a *pro se* complaint against her former employer ,The Epilepsy Foundation of Southwestern Illinois, Ellen Becker-Law and Megan Meckfessel for employment discrimination under Title VII of the Civil Rights Act of 1964, **42 U.S.C. § 2000e** and **2000e-5** (Doc. 1). Specifically, Harris alleges that Defendants discriminated against her because of her race, gender, and pregnancy and that Defendants retaliated against her for filing grievances. On September 13, 2005, the Court granted Harris leave to proceed *in forma pauperis* (Doc. 4).

On November 23, 2005, Defendants filed a motion to dismiss (Doc. 12). When Harris did not timely respond to the motion to dismiss as required by the Local Rules, the Court entered an Order advising Harris that under the **Local Rule 7.1(c)**, the Court may consider her failure to respond as an admission of the merits of the motion and that the Court may dismiss her case (Doc. 16). Further, the Court allowed her up to and including January 19, 2006 to respond to the motion to dismiss. Instead of responding the motion to dismiss, Harris filed a motion for extension of time on January 19, 2006 (Doc. 18). The Court granted the motion and allowed Harris up to and including February 21, 2006 to file a response (Doc. 19). Thereafter, Harris filed another motion for appointment of counsel on February 14, 2006 (Doc. 23) and a motion for extension of time to amended complaint on February 17, 2006 (Doc. 24). On February 27, 2006, Magistrate Judge Wilkerson denied the motion for appointment of counsel, granted the motion for extension of time to amend complaint and allowed Harris up to March 20, 2006 to file an amended complaint (Doc. 25).

As of this date, Harris has neither filed a response to the motion to dismiss nor filed her amended complaint. Pursuant to **LOCAL RULE 7.1(c)**, the Court considers this failure to respond to the motion to dismiss an admission of the merits of the motion.[1] Thus, the Court **GRANTS** the motion to dismiss (Doc. 12). The

---

[1] "An adverse party shall have **thirty (30) days** after the service (see FED. R. CIV. P. 6) of the movant's motion in which to serve and file an answering brief. Failure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission the merits of the motion." **LOCAL RULE 7.1(c).**

Court **DISMISSES with prejudice** Harris' complaint (Doc. 1). The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

**Signed this 22nd day of March, 2006.**

<u>/s/        David  RHerndon</u>
**United States District Judge**