IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LASHAWNDRA HARRIS**,

**Plaintiff,**

v.

**THE EPILEPSY FOUNDATION
OF GREATER SOUTHERN ILLINOIS,**

**Defendant.**                                                                           **No. 05-cv-0640-DRH**

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

### I. Introduction and Background

Now before the Court is Defendant's motion for partial summary judgment (Doc. 51). Defendant argues, *inter alia*, that it is entitled to summary judgment on Harris' claims that occurred prior to November 19, 2004 as they are untimely. Plaintiff opposes the motion arguing that she properly alleges a "Continuing Violation" of discrimination based on her race and retaliation so as to preclude summary judgment (Doc. 54). Based on the record, the applicable case law and the following, the Court grants Defendant's motion for partial summary judgment.

On November 2, 2006, Harris, an African American women, through her counsel, filed a six-count Second Amended Complaint against her former employer, The Epilepsy Foundation of Greater Southern Illinois ("the Foundation") under Title

VII, 42 U.S.C. § § 2000e *et seq.,* and the Illinois Workers' Compensation Act alleging race, gender, and pregnancy discrimination and retaliation (Doc. 45). [1] The Foundation filed its motion for partial summary judgment on February 16, 2007 (Doc. 51). Harris filed her reply on March 21, 2007 (Doc. 54) and the Foundation filed its reply on April 3, 2007 (Doc. 55). The Court now turns to address the merits of the motion for partial summary judgment.

The Foundation argues that since Harris filed her EEOC charge on May 20, 2005, she only had 180 days from the alleged discriminatory act to file an EEOC charge, therefore, any claims that Harris has prior to November 19, 2004 are untimely. Harris responds that her claim is governed by a 300-day limitation period because she filed her claim with the EEOC and that the EEOC advised the Illinois Department of Human Rights ("IDHR") that it was investigating the claim pursuant to the worksharing agreement, thus, she was not required to physically file her complaint with the IDHR to invoke the 300-day limitation period. The Foundation replies that even if the 300-day limitation applies, Harris' claims that occurred before July 22, 2004 are untimely.

## II. Facts

Harris worked at the Foundation from August 21, 2002 until May 2, 2005 when her employment was terminated. She was employed as a case manager/community resource facilitator. Harris informed her supervisors, Ellen

---

[1] Harris filed her initial complaint *pro se* on September 6, 2005 (Doc. 1).

Becker and Megan Meckfessel that she wanted to attend QMRP certification training in November of 2002.[2] Becker and Meckfessel told her she could not attend the training because she missed the first day of training due to her pregnancy leave. If Harris had attended the QMRP certification training in November 2002, she would have earned her QMRP certification in January or February 2003. Harris earned her QMRP certification on January 15, 2004. Harris claims that the Foundation's denial of allowing her to take the QMRP training in November 2002 was pregnancy discrimination and that she would have applied for a QMRP position at the Foundation between January 2003 and January 2004 if she was allowed the QMRP training in November 2002.

George Mills was Harris' co-worker at the Foundation. Mills is a white male. He started working at the Foundation in April 2004 and worked there a few months. Harris and Mills had the same job title at the Foundation. Harris claims that Mills was being paid more than she was being paid for the same work. On June 18, 2004, she filed a complaint with the Foundation for equal pay. On July 21, 2004, the Foundation sent Harris a letter regarding her equal pay complaint. The Committee found "that there is 'equal pay for essentially the same work" between you and the other employee. The Grievance Committee's decision was to pay your current salary retroactive to April 16, 2004 to ensure the equal pay issue is resolved." (Doc. 54, Exhibit E).

---

[2]"QMRP" stands for Qualified Mental Retardation Professional.

On May 20, 2005, Harris filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on her race, sex and pregnancy and retaliation for filing Title VII complaints. The EEOC issued its Notice of Right to sue on July 5, 2005. This lawsuit ensued on September 6, 2005 (Doc. 1).

### III. Summary Judgment

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c)**; ***Wyatt v. UNUM Life Insurance Company of America***, **223 F.3d 543, 545 (7th Cir. 2000)**; ***Oates v. Discovery Zone***, **116 F.3d 1161, 1165 (7th Cir. 1997)**; *See also **Celotex Corp. v. Catrett***, **477 U.S. 317, 322 (1986)**). The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. ***Wollin v. Gondert***, **192 F.3d 616, 621-22 (7th Cir. 1999)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. ***Schneiker v. Fortis Insurance Co.***, **200 F.3d 1055, 1057 (7th Cir. 2000)**; ***Baron v. City of Highland Park***, **195 F.3d 333, 337-38 (7th Cir. 1999)**.

In reviewing a summary judgment motion, the Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. ***EEOC v. Sears, Robuck & Co.***, **233 F.3d 432, 436 (7th Cir. 2000)**.

No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted…." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 249-50 (1986). Accord **Starzenski v. City of Elkhart**, 87 F.3d 872, 880 (7th Cir. 1996), cert. denied, 117 S. Ct. 683 (1997); **Tolle v. Carroll Touch, Inc.**, 23 F.3d 174, 178 (7th Cir. 1994).

This standard should be applied "with added rigor" in employment discrimination cases, in which intent and credibility are crucial issues. **Webb v. Clyde Choate Mental Health and Development Center**, 230 F.3d 991, 997 (7th Cir. 2000); **Miller v. Borden, Inc.**, 168 F.3d 308, 312 (7th Cir. 1999); **King v. Preferred Technical Group, Inc.**, 166 F.3d 887, 890 (7th Cir. 1999). This standard reflects pronouncements that in employment discrimination cases, which often involve issues of motive and intent, summary judgment must be approached with caution. **Huhn v. Koering Co.**, 718 F.2d 239, 242 (7th Cir. 1983). **Huhn** relied on an earlier case which recognized that, although summary judgment is improper in employment discrimination cases which involve "weighing of conflicting indications of motive and intent," where a plaintiff has no evidence of discriminatory motive to "put on the scales for weighing," summary judgment *is* appropriate. **Id.**

### IV. Analysis

"Title VII requires, as a precondition to suit, that charges be filed with the EEOC within 180 days after the alleged unlawful employment practice occurred,

unless the charges are first filed with a state agency that has the authority to grant relief from the alleged unlawful employment practices, in which cases the charges must be filed within 300 days after the alleged unlawful employment practices occurred, or within 30 days after receiving notice that the state agency has terminated its proceedings, which ever is earlier." ***Volovsek v. Wisconsin Dept. Of Agr.*, 344 F.3d 680, 686-687 (7th Cir. 2003); 42 U.S.C. § 2000e-5(3)(1)**.

Applying the 300-day limitations period to the facts of this case, the Court finds that the start of the limitations period to be July 24, 2004. Thus, any alleged claims that occurred prior to July 24, 2004 are untimely. Therefore, Harris' alleged Title VII claims relating to the denial of the QMPR training in November 2002 and the alleged Title VII claims that George Mills was paid more than her to do the same work in April 2004 are untimely. However, Harris argues that she has alleged in her complaint and deposition testimony, a continual hostile work environment.[3] She maintains that since her employment in August 2002 through her termination on May 6, 2005 that she was exposed to numerous unlawful employment practices which are sufficient to provide application of the continuing violation doctrine.

In ***Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-15 (2002)**, the Supreme Court concluded the continuing-violations doctrine does not allow deferred suit on discrete discriminatory acts just because forbidden acts occurred within the limitations period. "Claims about discrete employment actions

---

[3]The Second Amended Complaint does not contain a claim of hostile work environment.

such as failure to promote, must be made within 300 days under Title VII...." ***Pruitt v. City of Chicago, Illinois*, 472 F.3d 925, 927 (7th Cir. 2006)**. To establish a hostile work environment, a plaintiff must show that she was subjected to harassment so severe or pervasive that it altered the conditions of her employment, making it hellish. ***See William v. Waste Mgt. of Ill.*, 361 F.3d 1021, 1029 (7th Cir. 2004); *Wyninger v. New Venture Gear Inc.*, 361 F.3d 965, 975-77 (7th Cir. 2004)**.

Based on the record before the Court, the Court finds that these claims of failure to provide training and failure to provide equal pay are discrete acts under ***Morgan***. These alleged incidents occurred before July 24, 2004, the start of the statute of limitations period, and are therefore time barred. The incidents described by Harris occurred over 2 ½ years do not demonstrate a hostile work environment. The Court finds that a reasonable jury would not determine this treatment to be so severe or pervasive to alter Harris' conditions of employment in a significant way.

Lastly, the Court denies Defendant's request to strike the references to these time barred claims in Harris' Second Amended Complaint. The Court will address this issue closer to the trial date.

### V. Conclusion

Accordingly, the Court **GRANTS** Defendant's motion for partial summary judgment (Doc. 51). The Court grants summary judgment in favor of Defendant and against Plaintiff on all claims that occurred prior to July 24, 2004 as

untimely. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same at the close of the case.

**IT IS SO ORDERED.**

Signed this 13th day of June, 2007.

/s/       David   RHerndon
**United States District Judge**
